Lance C. Wells
Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK Bar # 9206045

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| USA, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>SEAN TURVIN & )<br>CORINA CUNNINGHAM, )<br>    Defendant. )<br>_____) | Case No.  3:06-CR-0043-(JWS) |

**RESPONSE TO OBJECTIONS FILED BY GOVERNMENT**

**COMES NOW DEFENDANT CORINA CUNNINGHAM** by and through undersigned counsel **LANCE C. WELLS** of the **LAW OFFICES OF LANCE C. WELLS, P.C.** and hereby files his client's responses to the objections filed by the government as follows.

First, counsel for Ms. Cunningham points out that the portion of the government's objections to the Magistrate's Report and Recommendations that deal with Ms. Cunningham pertain to the issue of her standing. It is important to recall that the government NEVER raised any standing issue as to Ms. Cunningham in either its briefing nor during the many hours long evidentiary hearing before this court. Nor did it ever raise an objection as to standing on her behalf. It is counsel's position that the government has now waived this issue based on its non-objection during not only the briefing process but during the evidentiary hearing as well. As such its claim for lack of standing should be denied.

1

Ms. Cunningham joined co-defendant Turvin's motion as it is her position because the evidence of illegal drug conduct pertaining to Cunningham was obtained through her illegal and continued detention and an alleged consent unrelated to the traffic stop, that evidence should likewise be suppressed. <u>Wong Sun v. United States</u>, 371 US 471 (1963), (evidence discovered as the result of exploitation of a primary illegality is inadmissible as a "fruit of the poisonous tree." Cunningham was told to exit the vehicle. She was told to wait in the convenience store as it was too cold to wait outside. She was told she was not free to leave. She was subsequently cited for failure to wear a seat belt, arrested for a drug offense based on her proximity to the contraband found in the sippy cup. That subsequent to her arrest, a search incident to arrest was conducted and revealed that she was carrying on her person $773 in cash. A further examination of the cash at the police station revealed a Ziploc bag with suspected methamphetamine mixed in with the cash. The cash was counted al least twice on the road side by the officer where no drugs were found to be within it.

Without waiving objection as to the standing issue raised above by the government, Ms. Cunningham does have standing to contest the legality of her own detention. See **United States v. DeLuca, 269 F.3d 1128, 1132 (10th Cir. 2001)** ("'Although a defendant may lack the requisite possessory or ownership interest in a vehicle to directly challenge a search of that vehicle, the defendant may nonetheless contest the lawfulness of his own detention and seek to suppress evidence found in the vehicle as the fruit of the [defendant's] illegal detention'" (quoting ) United States **v. Nava-**Ramirez, 210 F.3d 1128, 1131 (10th Cir. 2000)). Thus, to suppress the drugs located it is "'in some sense the product'" of her unlawful detention. Segura, 468 U.S. at 815, quoting Crews, 445 U.S. at 471.

There are several ways a passenger such as Ms. Cunningham might show that evidence found in a car is the fruit of her own unlawful detention. She could "show that had she requested to leave the scene of the traffic stop, she would have been able to do so in [the] car." DeLuca, 269 F.3d at 1133. Or, she could show that statements she made or evidence found on her person during his detention prompted the officers to search the car or enabled them to find evidence in it that otherwise would have remained hidden. United States v. Martell, 654 F.2d 1356, 1361 (9th Cir. 1981) (detention which became unlawful due to length of time would taint evidence seized from appellants' suitcases "only if the detention during the unlawful period contributed in some fashion to the search and seizure of the narcotics"; "since the agents conducted no interrogation of the appellants during the unlawful portion of their detention," evidence was not tainted). In each of these nonexclusive examples, it can be argued that but for the detention, the evidence in the car would not have been found.

In the case of Ms. Cunningham, she was told to exit the vehicle and that she was not free to leave and was to wait at the convenience store for the officer(s) directives. She was to be issued a citation for not wearing a seat belt. She was made to exit the vehicle from where she was lawfully sitting in the middle of the front seat (the only seat in the truck as there was no back seat and the passenger seat was full of other items) while the officer used her previous location in which to reach across, and unlock the passenger door of the truck. Subsequently, upon opening of the passenger door, a child's sip cup allegedly fell to the ground beside the officer's feet. Ultimately this resulted in drugs being found inside the container, Ms. Cunningham's arrest as well as money removed from Ms. Cunningham's possession which was later found to contain a small Ziploc with suspected methamphetamine residue. There was no reason for the detention of Ms. Cunningham any longer than was necessary to write the ticket for her failing to wear a

seatbelt. This would take approximately 5 minutes at worst. Nor was there any reason for her to be removed from the vehicle.

 Lastly, counsel concurs with the magistrates report and recommendations as set forth at docket 50. Ms. Cunningham further adopts and incorporates by reference any briefing to be submitted by counsel for Mr. Turvin in this matter.

 Dated 7/10/06.    Law Offices of Lance c. Wells

          By: ____s/_____
           Lance C. Wells 9206045 AK #

          T 907-274-9696
          F 907-277-9859
          733 W. 4th Avenue, Suite 308
          Anchorage, AK. 99501
          email lwells@gci.net

**Certificate of Service**

 On 7/10/06, a copy of this document was electronically served upon M. Dieni, AFD and AUSA D. Nesbett at their electronic addresses of record.

7/10/06   ___/s _____
      Lance C. Wells, Esq.