DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-0043-JWS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **MOTION FOR** |
| vs. | ) | **RECONSIDERATION** |
| | ) | |
| SEAN TURVIN and CORINA | ) | |
| CUNNINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the United States of America, by and through counsel, and
respectfully requests, pursuant to MR 6(c), that the court reconsider its order
granting the defendants' motion to suppress.

I.     Introduction

Defendant Sean Turvin filed a motion to suppress evidence as a result of the

search of his vehicle.[1]  The motion was joined by defendant Cunningham.[2]  The

government filed an opposition to the defendants' motion to suppress.[3]  The court

issued a Recommendation Regarding Defendant's Motion to Suppress, which

recommended that the defendants' motion be granted and the evidence should be

suppressed.[4]  The government objected to the Recommendation.[5]  The Magistrate

Judge declined to modify his Recommendation.[6]  The District Court concurred

with the Magistrate Judge's Recommendation.[7]

The government files this motion before the District Court to reconsider its

decision granting the defendants' motion to suppress evidence.  The government

challenges two findings of fact: one, the trooper observed the speaker box prior to

requesting and obtaining consent to search Turvin's vehicle; and two, the Court

misinterprets the trooper's reaction to observing the speaker box, that the trooper

actually considered the box to be suspicious.

---

[1]     Clerk's Doc. No. 23

[2]     Clerk's Doc. No. 26

[3]     Clerk's Doc. No. 30

[4]     Clerk's Doc. No. 50

[5]     Clerk's Doc. No. 51

[6]     Clerk's Doc. No. 64

[7]     Clerk's Doc. No. 67

II.    Argument

    A.    The Audio Recording Establishes Reasonable Suspicion to Extend the Stop

In support of its conclusion that the trooper unlawfully extended the detention of the defendants, the Court in its Recommendation relies on the fact that Trooper Christensen noticed the speaker box only after he asked for and obtained consent from Turvin to search his vehicle.[8]  Based on that fact, the Court concluded that the extended detention was unlawful because the trooper was relying only on Turvin's prior contact with law enforcement and had no new evidence that could establish reasonable suspicion for the stop.  "Trooper Powell's information was limited to Turvin's prior criminal history involving drugs.  Such history is a factor to consider in determining reasonable suspicion, but by itself is insufficient to constitute articulable suspicion. . . .  Neither trooper had any information to arouse suspicion that Turvin and/or Cunningham were then engaged in conduct involving illicit drugs."[9]  Furthermore, in a footnote, the Court stated that, "The troopers' observation of the so-called speaker box and the presence of a short shotgun were not observed until after the consent to search was solicited. Therefore, these observations cannot be considered in the assessment of the totality

---

[8]    Recommendation at 5 and 9-10.

[9]    Id. at 10-11.

of the circumstances to find articulable suspicion."[10]

In its opposition, the government pointed out that the tape recording of the contact between Trooper Christensen and Turvin, admitted at the evidentiary hearing as plaintiff's exhibit 1, in fact establishes from the recording, however ambiguous the trooper's testimony was on the stand, that Trooper Christensen observed the speaker box **prior** to requesting consent to search the vehicle. That observation, combined with the trooper's comment that, "it looks kinda odd, it looks very odd," indicates that the trooper suspected that Turvin not only had been involved with at rolling meth lab on a previous occasion but also could be involved with a rolling meth lab on this occasion. The government argued that the trooper, therefore, had reasonable suspicion to extend the stop.

In response to the government's argument, the Court in the Final Recommendation stated that whether Trooper Christensen observed the speaker box in the vehicle box before or after he asked Turvin about drugs and to search the truck makes no difference because there was nothing suspicious about the speaker box.[11] In support of its conclusion, the Court cites to three instances during the suppression hearing where Trooper Christensen stated that there was

---

[10]      Id. at 11, fn 2.

[11]      Final Recommendation at 2.

nothing about the speaker box that made it look like a meth lab.[12]

With all respect, the government disagrees with the court's finding that Trooper Christensen did not have reasonable suspicion to believe that Turvin was engaged in criminal conduct. The first instance referred to by the Court concerns Trooper Christensen's first encounter with Turvin. This contact occurred before the trooper had learned that Turvin had been involved previously with a rolling meth lab, and before the trooper had seen the speaker box. This is not in dispute. Trooper Christensen noticed the speaker box when he re-contacted Turvin after learning that he had been involved with a rolling meth lab. The second instance concerns the trooper's response to defense counsel's leading question that there was nothing about this speaker box that looked like a meth lab. Simply because the box appeared innocent, does not mean that the trooper did not possess reasonable suspicion that the box could have concealed a rolling meth lab. The trooper testified as such (as identified by the Court in its third instance): "A rolling meth lab can be concealed in a small container. A speaker box is a container. Some speaker box can be altered to where they serve as a container. So if you were to ask me could a meth lab be stored in a speaker box, yes, it could." Tr. 102. In response to the government's question as to whether the speaker box could have

---

[12]     Id. at 2.

been a meth lab, Trooper Christensen stated, "It could have been, yes."  Tr. 99.

The government agrees that the trooper's testimony was not clear.  However, there is no need for an evidentiary hearing where the Court has as an exhibit a tape recording of the contact in question and where the recording is clear.  Trooper Christensen asked for and obtained consent to search Turvin's vehicle only **after** he observed the speaker box.  Trooper Christensen had reasonable suspicion that Turvin was involved in criminal conduct for the following reasons: first, he understood that Turvin had previously been involved with a rolling meth lab, and in this same vehicle no less; second, he observed a box in the back of the vehicle that he stated during the evidentiary hearing could conceal a rolling meth lab; and third, he can be heard stating to Turvin at the scene that he was asking for consent to search his vehicle at least in part because "it looks kinda odd, it looks very odd."

Because the trooper had reasonable suspicion that Turvin was involved in criminal conduct, supported by "specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct," United States v. Thomas, 211 F.3d 1186, 1189 (9th Cir. 2000), the trooper lawfully requested and obtained consent to search Turvin's vehicle.

B.    <u>Recent Case Law Distinguishes Chavez-Valenzuela</u>

Ultimately, the government maintains that the detention in this case was not extended because it was in the process of writing the ticket that the officer asked for consent and, therefore, <u>Chavez-Valenzuela</u> does not apply.  The case at issue here is more analogous to a new Ninth Circuit case than <u>Chavez-Valenzuela</u>.  In <u>United States v. McWeney</u>, __ F.3d __, 2006 WL 2035329 (9th Cir. July 21, 2006), the Court vacated the conviction and remanded for an evidentiary hearing on whether the defendant's continued consent of the search of his car had been coerced.  The defendant was a passenger in a car that was pulled over when an officer noticed a missing front license plate and learned that the car had been reported stolen and then returned.  The officer asked if he could "look" in the car and the defendants consented.  The officer returned to his patrol car for several minutes to conduct background checks and wait for backup to arrive.  The Court remanded for the lower court to determine whether the officer created a setting in which a reasonable person would believe that he or she had no authority to limit or withdraw his consent.  Notably, the Court did not discuss whether it was lawful to extend the search, but whether the officers created a setting in which the reasonable person would believe that he or she had no authority to limit or withdraw their consent.  Adopting the standard for Fourth Amendment seizures, the Court

considered the factors to determine whether the officers' conduct is objectively recognizable as intimidation directed at coercing the defendants into believing that they had no right to withdraw their consent.

Here, the analysis should be whether Turvin's consent was voluntary or coerced, not whether it was reasonable to extend the detention because as in McWeeney, the detention was not considered extended.

III.    Conclusion

Based on the foregoing, the trooper had reasonable suspicion to extend the detention to request and obtain consent to search Turvin's vehicle.  The government respectfully moves, therefore, for the Court to reconsider its earlier order and instead deny the defendants' motion to suppress.

RESPECTFULLY SUBMITTED this 26th day of July, 2006, at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

 s/ David A. Nesbett
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2006,
a copy of the foregoing  was served
electronically on Michael Dieni
& Lance Wells.

s/ David A. Nesbett
Special Assistant U.S. Attorney