Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SEAN T. TURVIN and | ) |
| CORINA CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) Case No. 3:06-CR-043-2 JWS |

**CORINA CUNNINGHAM'S CASE-SPECIFIC PROPOSED VOIR DIRE QUESTIONS**

COMES NOW DEFENDANT CORINA CUNNINGHAM by and through her attorney of record LANCE C. WELLS of the LAW OFFICES OF LANCE C. WELLS, P.C., and hereby requests that the court ask prospective jurors the following questions concerning their eligibility to serve at Ms. Cunningham's trial.

For Ms. Cunningham to learn of a basis for challenges for cause and to intelligently exercise preemptory challenges, the below topics specific to this case must be addressed in voir dire.

The group as a whole, or individually, should be asked the following questions:

1.    Has anyone close to you had a serious problem related to the use or distribution of illegal drugs?

2.    Has anyone close to you been in trouble with the law over the use or distribution of illegal drugs?

3.    Have you ever been a member of an organization that advocates for the legalization of, or increased penalties for, any type of drug now categorized as illegal?

4.    Do you have strong feelings about laws punishing people for use or distribution of controlled substances, i.e. are they too harsh or lenient?

5.    Have you had any specific experiences in your life that would cause you to feel that you could not be fair to either the government or the accused in a trial in which it is alleged the accused sold a controlled substance? If so, please explain.

6.    Have you or anyone close to you worked for, or closely with, a law enforcement agency? "Law enforcement agency" for these questions includes military, police, prison security, prosecutors, and private security, etc.

7.    Have you or anyone close to you performed volunteer services with or for a law enforcement agency?

8.    Have you or anyone close to you had any particularly bad or good experiences with any law enforcement agency?

9. Would you tend to believe a government agent or undercover police officer more readily than other witnesses who may testify and, if so, why?

10. Do you believe that a government agent is less biased or more accurate than other witnesses who may testify and, if so, why?

11. Do you understand that the testimony of a government agent is not entitled to any greater weight than the testimony of any other witness merely because he or she is an agent of the government?

12. What bumper stickers do you have on your car or any vehicle?

13. Are any or you members of the National Rifle Association (NRA)?

14. Has anything happened in your life that might cause you to be biased against an accused person such as Ms. Cunningham?

15. The law presumes that Ms. Cunningham is innocent of the charges the government has levied against her. The presumption of innocent alone is enough to acquit. Is there any among you who will not or cannot follow that instruction?

16. Are you open to the possibility that an innocent person can be accused of a crime? Are you aware of circumstances where an innocent person has been accused of a crime?

17.  Do you believe that police and prosecutors, acting in good faith, can mistakenly accuse someone of something they didn't do?

18.  You have probably heard the phrase, "Proof beyond a reasonable doubt" in connection with criminal cases. Do you think that it is fair or unfair to require the government to prove its cases beyond a reasonable doubt? Why?

19.  The law requires various levels of proof depending on the importance of the issue to be decided. For instance, the plaintiff in a civil case must convince you by a preponderance of the evidence, i.e. more likely than not, that his or her claims are true. In a criminal case, because personal freedom is at stake, the law sets a much higher burden of proof. In a criminal case, the plaintiff must convince you beyond and to the exclusion of all reasonable doubt that each and every element of the crime charged is true before you can return a verdict of guilty. Do you understand the distinction? Do you agree or disagree with the distinction?

20.  The court usually asks each of the finalist jurors for a basic synopsis of the juror's background. Ms. Cunningham requests that the court do so here. Among the most important biographical questions is to the extent to which any particular juror has ever had any association with a law enforcement agency?

21. Ms. Cunningham requests the opportunity for undersigned counsel to conduct a very short (15 to 30 minutes) wrap-up voir dire of the 34 finalists for the exercise of peremptory challenges. This court has done that before, i.e. <u>USA v. Roderick Williams</u>, <u>United States v. O'Kelley and USA v. Charles Lee etc.</u> and it is a critical opportunity for Ms. Cunningham to follow up on the important issues without delaying the trial in any significant manner.

In conclusion, the areas of inquiry set forth above, are necessary for Ms. Cunningham to obtain a fair and impartial jury.

DATED at Anchorage, Alaska, this 8th day of September 2008.

LAW OFFICES OF LANCE C. WELLS, P.C.

<u>s/Lance C. Wells</u>
Attorney for Corina Cunningham
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2008, a copy of the foregoing was served electronically:

Kelly Cavanaugh, AUSA &

Michael Dieni, FPD

<u>s/Lance C. Wells</u>